*277 OPINION.
Love : Section 403 of the Revenue Act of 1921 provides:
That for the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages upon, or any indebtedness in respect to, property * * * as are allowed by the laws of the jurisdiction * * * under which the estate is being administered * *■ *.
Section 222 of the New York Surrogate’s Court Act provides:
An executor, administrator, guardian or testamentary trustee may pay from the funds or estate in his hands from time to time, as shall be necessary, his legal and proper expenses of administration necessarily incurred by him, including the reasonable expense of obtaining and continuing his bond and the reasonable counsel fees necessarily incurred in the administration of the estate. Such expenses and disbursements shall be set forth in his account when filed, and settled by the surrogate.
Section 281 of the same act provides:
Upon the disposition of real property of a decedent, as prescribed in this act, the executor or administrator disposing of the property, must be allowed by the surrogate out of the proceeds of the sale brought into court, his commissions and expenses; and such further sum as the surrogate thinks reasonable, for the necessary services of his attorney and counsel therein.
The pertinent parts of section 285 of the same act provide that executors shall be paid commissions on money received and paid out by them, as follows:
5 per cent on first $2,000.
2 y2 per cent on next $20,000. iy> per cent on next $28,000.
2 per cent on all above $50,000.
The value of any real or personal property, to be determined in such manner as the surrogate may direct, and the increment thereof, received, distributed or delivered shall be considered as money in making the computation of commissions. But this shall not apply in case of a specific legacy or devise.
❖ # * * sis * *
If the gross value of the principal of the estate or fund accounted for amounts to $100,000 or more, each executor, administrator or guardian or testamentary trustee is entitled to full compensation on principal and income allowed herein to a sole executor * * *.
The petitioner claims the right to deduct from the gross estate, besides other administration expenses, not in controversy, the $7,500 attorneys’ fees and $11,637.38 as executors’ commissions, which *278 amount represents double the statutory commissions allowed a sole executor. He claims the right to those deductions regardless of the fact that they have not been paid, and regardless of the fact that they have not been presented to the surrogate for approval, and invokes the decision of the Board in the Appeal of Samuel E. A. Stern et al., Executors, 2 B. T. A. 102.
The Commissioner urges that administration expenses, such as those under consideration, being subject to the orders of the court, and not having been paid, or “ settled ” by the court, do not come within the purview of section 403, supra, as expenses that “ are allowed by the laws of the jurisdiction, * * * under which the estate is being administered.” Upon that point we believe the Stern case is controlling, and that regardless of the fact that the claims have not been paid, or passed upon by the court, they are deductible in an otherwise proper situation. In James D. Bronson et al., Trustees, 7 B. T. A. 127, the Board held that reasonable trustees’ fees and attorneys’ fees paid, where there was no probate of the will, were proper deductions in determining the value of the net estate for the purpose of the estate tax.
In the instant case the attorneys’ fees had been agreed upon and appear to be reasonable. The rates of commissions to executors are fixed by statute, and when the services have been performed no discretion is vested in the court to vary such rates, or refuse to allow them.
However, the Commissioner raises another question in his brief. The will was not offered in evidence. There is no evidence as to who the executors are, other than that there is a reference made to Walter Voelbel as one of the executors. Whether there was another, and if so, who, is not disclosed. The appeal to the Board is by “ Walter W. Voelbel, one of the executors in the above entitled estate.” The record does not disclose whether or not there were any specific bequests. The New York statutes exclude specific bequests in computing the value of the gross estate as a basis for computing executors’ commissions. Moreover, unless for special reasons, such as the payment of debts, real estate does not form a part of an estate for administration, but goes direct to the devisee named, if any, or to the heir, charged with the indebtedness with which it may be encumbered.
We have no means of determining from the record in this case whether there were specific bequests, and if so, how many, of what value, hence no way of determining the value of the gross estate upon which commissions may be computed.
*279 This last point does not apply to the attorneys’ fees, and under the decision in the Stern case, supra, we hold such fees to be a deductible expense.
By reason of the fact that the evidence is insufficient to enable us to find that the petitioner has correctly computed the commissions, we sustain the Commissioner on that point.

Judgment will he entered on 15 days’ notice, under Rule 50.